CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 27 2009

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KENNETH EDWARD BARBOUR,<br>  Plaintiff, | Civil Action No. 7:09-cv-00132 |
| | **MEMORANDUM OPINION** |
| v. | |
| | By: Hon. James C. Turk |
| VDOC AT WALLENS RIDGE<br>  STATE PRISON,<br>  Defendant. | Senior United States District Judge |

Plaintiff Kenneth Edward Barbour, a Virginia inmate proceeding pro se, filed a civil rights action, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Barbour names the Virginia Department of Corrections ("VDOC") at the Wallens Ridge State Prison ("WARSP") as the defendant. Barbour complains that WARSP officials amended the prison's grievance procedures in violation of Barbour's constitutional rights. This matter is before the court for screening. After reviewing all of Barbour's submissions, the court dismisses the complaint for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

I.

Liberally construing Barbour's complaint, he alleges that a new grievance procedure violates his constitutional rights.[1] The VDOC at WARSP amended its grievance operating procedure to permit inmates access to informal grievance forms only from six o'clock in the morning to nine o'clock in the evening. Barbour demands $1.3 million in damages.

---

[1] Barbour also literally complains that:
> I find the bodies of this me[e]ting will to hold Rh negative bloods and B positive blood. I further theory this bodies invisible to nobility due to the secret root... of prehistoric times Idohyus of Asia.... I hold the Roman Catholic Church as a ogre shell the true light is blackness due to nocturnal activity connected by original blood line ... with plans of a overthrow shelled by said new world order at secret ogre society.

(Verified Statement 8.)

II.

A.

The court is required to dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief can be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level[.]" Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964, 1965 (2007) (internal quotation marks omitted). Although the court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

B.

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Barbour fails to identify any "person" subject to suit in a § 1983 action. Furthermore, Barbour has not alleged any actual injury to give rise to a claim, nor

2

has he alleged any physical injury to permit him to receive damages. See 42 U.S.C. § 1997e(e). Although Barbour lists various constitutional provisions, he does not identify which constitutional right he seeks to asserts. See Beaudett, 775 F.2d at 1278 (stating a district court cannot be expected to construct full blown claims from sentence fragments). Barbour's complaint fails to state a claim under the First Amendment because he acknowledges that he has access to grievance forms fifteen-hours a day. Therefore, his access to the courts is not frustrated. See Lewis v. Casey, 518 U.S. 343, 350 (1996). Furthermore, Barbour does not establish a constitutional violation because the United States Constitution does not entitle an inmate to grievance procedures or twenty-four hour access to any such procedure voluntarily established by a state. See Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Accordingly, the court dismisses the complaint for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1).[2]

### III.

For the foregoing reasons, the court dismisses the complaint for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This 27 day of April, 2009.

*/s/ James C. Turk*
Senior United States District Judge

---

[2] Barbour also makes claims under Virginia law. However, actions brought under 42 U.S.C. § 1983 pertain to the deprivation of any rights, privileges, or immunities secured by the laws and Constitution of the United States. Accordingly, the court declines to exercise any supplemental jurisdiction over any state law claim. See 28 U.S.C. § 1367(c)(3).

3